UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOFI JOHNSON,

      Plaintiff,

v.                                          Civil Case No. 12-14504
                                             Honorable Patrick J. Duggan

WAYNE COUNTY FRIEND OF THE
COURT and CITY OF DETROIT,

      Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

      Plaintiff Kofi Johnson ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on October 11, 2012. Plaintiff has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss any action brought by a plaintiff proceeding *in forma pauperis* if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court concludes that Plaintiff's Complaint should be summarily dismissed.

### Plaintiff's Complaint

      In his Complaint, Plaintiff claims that he was falsely arrested and imprisoned on October 7, 2010. Plaintiff alleges that "the Detroit Police" arrested him on that date for driving while his licensed was suspended and based on a bench warrant issued by Wayne County Circuit Court Judge William Callahan. (Compl. ¶ 9.) According to Plaintiff, the

bench warrant was issued based on Plaintiff's alleged failure to appear at a show cause hearing before Judge Callahan on February 4, 2010.  (*Id.* ¶ 7.)  Plaintiff alleges that he did appear at the hearing, but was denied access to the court by Friend of the Court personnel. (*Id.* ¶ 8.)  According to Plaintiff, after his arrest he was placed in the custody of the Wayne County Sheriff, processed, strip searched, and held in solitary confinement until October 11, 2010.  (*Id.* ¶ 10.)  Plaintiff alleges that on October 11, he "was interrogated by Friend of the Court Attorney Shelly Payne and extorted of approximately $150.00." (*Id.* ¶ 11.)

In Count I of his Complaint, Plaintiff asserts that the bench warrant issued on February 4, 2010 "was without an independent judicial review and outside the statutory mandate of M.C.L.A. 552.641 and M.C.R. 3.208(B)."  (*Id.* ¶ 27.)  He claims that the officers who arrested him lacked probable cause to arrest him and subsequently searched his car without probable cause.  (*Id.* 30.)  In Count II of his Complaint, Plaintiff claims that he was falsely imprisoned.  This count also is premised on Plaintiff's assertion that the arrest warrant was not valid and thus the subsequent arrest based on that warrant was unlawful.  (*See id.* ¶ 35.)  Finally, Plaintiff asserts in Count III of his Complaint a claim for intentional infliction of emotional distress based on his arrest.

## Analysis

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v.*

*Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694–95, 98 S. Ct. 2018, 2037-38 (1978); *Slusher v. Carson*, 540 F.3d 449, 456 (6th Cir.2008). When "no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir.2001).

The Court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

Plaintiff fails to allege any facts to support a municipal liability claim pursuant to § 1983 against Wayne County or the City of Detroit. In other words, he pleads no facts to

suggest that a particular municipal custom or policy caused the alleged constitutional violations. As to Plaintiff's intentional infliction of emotional distress claim, "[a]ll Michigan cases agree that government agencies are immune from liability for intentional torts . . .." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 351 (6th Cir. 2008). To the extent Plaintiff is alleging claims against Judge Callahan and/or the Friend of the Court employees referenced in his Complaint, those individuals are entitled to judicial or quasi-judicial immunity.[1] *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (explaining that "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction" and that "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Nowicki v. Bruff*, No. 95-2233, 1996 WL 694141, at *2 (6th Cir. Dec. 3, 1996) (unpublished opinion) (attached as "Attachment A") (holding that eight Macomb County Friend of the Court employees sued by the plaintiff were entitled

---

[1]Plaintiff does not identify the Detroit Police Department officers who arrested him on October 7, 2010, and he has not named any John and/or Jane Does as defendants. The Court notes, however, that Plaintiff indicates that the officers arrested him because he was driving with a suspended license and based on the arrest warrant issued by Judge Callahan. "Police officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll Cnty, Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989) (citing *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092, 1098 (1986)). Plaintiff alleges no facts in his Complaint to suggest that the officers would know that they could not rely on the warrant issued by Judge Callahan.

to quasi-judicial immunity from suit for money damages).

For these reasons, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted and seeks damages against Defendants immune from such relief.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

Dated: October 24, 2012          s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copy to:
Kofi Johnson
17159 San Juan
Detroit, MI 48221

5

**Attachment A**

NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Steven NOWICKI; Justin S. Nowicki, a minor child, Plaintiffs-Appellants,
v.
John B. BRUFF; Thomas Blohm; Lynn Liberato; Frank Pierce; Lynn Davidson; Frank Csokasy; Gregory Toler; William Ziehm; Thomas McDonald; Therese Wolf; Macomb County Board of Commissioners; William J. Berardo; Deborah A. Carson; Mary A. Nowicki,
Defendants-Appellees.
No. 95-2233.

Dec. 03, 1996.
E.D.Mich., No. 95-40229; Paul V. Gadola, Judge.

    E.D.Mich.
    AFFIRMED.

Before: JONES, SILER, and DAUGHTREY, Circuit Judges.

ORDER

    **\*1** Steven Nowicki appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983 for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
    Nowicki filed his complaint in the district court on behalf of himself and his son alleging that he was deprived of his constitutional rights in an ongoing Macomb County, Michigan, Circuit Court domestic relations case. Plaintiff named as defendants eight Macomb County Friend of the Court officials, a state judge, a social worker, two private attorneys and plaintiff's ex-wife. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages.

    Defendants moved to dismiss the complaint, and the district court ordered plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. After plaintiff filed a response two days beyond the deadline set in the order to show cause, the district court struck plaintiff's response and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Thereafter, the district court denied plaintiff's objection, which it construed as a motion for reconsideration. This timely appeal followed, and the district court granted plaintiff leave to proceed in forma pauperis.

    On appeal, plaintiff moves for a stay of the state court proceedings and for other miscellaneous

relief, and contends that the district court: (1) improperly struck his response to the show cause order; (2) was biased against him; and (3) improperly dismissed his complaint for lack of subject matter jurisdiction. Upon consideration, we affirm the district court's judgment in part for reasons other than those stated by the district court. *See City Management Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

We review de novo a district court judgment dismissing a complaint on abstention grounds. *See Mann v. Conlin,* 22 F.3d 100, 105 (6th Cir.1994), *cert. denied,* 115 S.Ct. 193 (1994); *Traughber v. Beauchane,* 760 F.2d 673, 676 (6th Cir.1985). First, abstention is appropriate with respect to plaintiff's claims for declaratory and injunctive relief. *See Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir.1995); *Mann,* 22 F.3d at 105. However, dismissal of these claims is without prejudice to plaintiff's right to refile these claims upon conclusion of the state proceedings. *See Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454-55 (6th Cir.1989). While dismissal of plaintiff's claims for money damages is not appropriate because the claims are not cognizable in the state court, *see Deakins v. Monaghan,* 484 U.S. 193, 202 (1988), dismissal of those claims is affirmed because plaintiff failed to state a viable claim for damages. *See Kelm,* 44 F.3d at 421.

**\*2** Defendant Macomb Circuit Judge Bruff enjoys absolute immunity from suit for damages because all of the acts alleged were taken in his capacity as judge. *See Mann,* 22 F.3d at 103-05. Similarly, the eight defendant Macomb County Friend of the Court employees are entitled to quasi-judicial immunity from suit for money damages, *see Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994), as is the defendant social worker. *See Salyer v. Patrick,* 874 F.2d 374, 378 (6th Cir.1989); *Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir.1984). Also, plaintiff did not state a viable claim for money damages against the defendant Macomb County Board of Commissioners. *See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993). Further, dismissal of plaintiff's claims against his ex-wife and her two attorneys is affirmed because these defendants did not act under color of state law for purposes of § 1983. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936-39 (1982); *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978); *Kelm,* 44 F.3d at 421. Plaintiff's bare allegations that defendants conspired against him are mere conclusions which need not be accepted as true. *See Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.) (per curiam), *cert. denied,* 484 U.S. 945 (1987). Accordingly, dismissal of plaintiff's claims for money damages is affirmed on this basis. Dismissal of plaintiff's pendent state law claims is affirmed given the dismissal of plaintiff's federal claims. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Plaintiff's motions and remaining claims on appeal are meritless.

For the foregoing reasons, plaintiff's motions for a stay and for miscellaneous relief are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.

C.A.6 (Mich.),1996.